1

2

3

4

5

6

7

8

9    IN THE UNITED STATES DISTRICT COURT

10    FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   MARK ANTHONY JONES,                    No C 06-4162 VRW (PR)

Petitioner,

13                                          ORDER DENYING PETITION FOR A
                                            WRIT OF HABEAS CORPUS
14          v

15   DARREL G ADAMS, Warden,

Respondent.

16

17   _____/

18

19          Petitioner, a state prisoner incarcerated at California

20   State Prison, Corcoran, seeks a writ of habeas corpus under 28 USC

21   § 2254 (2006).  For the reasons set forth below, a writ is DENIED.

22

23

24                                  I

25          On December 14, 2001, petitioner was convicted by a jury

26   in Sonoma County Superior Court of one count of possession of

27   cocaine, pursuant to California Health and Safety Code § 11350(a).

28   The court found true allegations that petitioner had three prior

felony convictions, two for robbery and one for attempted murder, but struck the two robbery convictions based on its reading of then-recent Ninth Circuit decisions on the application of California's Three Strikes law. The court sentenced petitioner to six years in state prison. Both petitioner and the state appealed.

On September 19, 2003, the California Court of Appeal affirmed the conviction, but remanded for resentencing based on intervening decisions of the United States Supreme Court reversing the Ninth Circuit. The Supreme Court of California denied review, and the trial court resentenced petitioner to 25 years to life in state prison.

On February 8, 2005, the California Court of Appeal affirmed the sentence of the trial court. Petitioner did not seek further direct review; however, he continued to seek collateral review from the state courts until the Supreme Court of California denied his final petition for a writ of habeas corpus on April 16, 2006.

On July 5, 2006, petitioner filed the instant petition under § 2254. On December 5, 2006, the court found petitioner's claims were cognizable under § 2254 when liberally construed and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and petitioner has filed a traverse.

The California Court of Appeal summarized the factual background of the case as follows:

> On December 11, 1999, Sonoma County Sheriff Deputies Mike Krean and Brad James were conducting surveillance on a house in Santa Rosa that was known for drug activity. The deputies observed three vehicles pull up to the house and leave again in the span of about five minutes. One car, driven by Jones, had one headlight out and drove past the house twice before it pulled into the driveway and parked. Krean testified that this driving pattern is characteristic of someone "doing the counter surveillance in the area.... Driving slow through the neighborhood looking around seeing if there's any cops hanging out." After about five minutes, when the car pulled away from the house, the officers followed it. They pulled the car over because of the inoperable headlight and because it had been parked at a house that was known for drug activity. The car slowed and coasted for some time before the driver stopped. As they pulled the car over, Krean observed the driver's right shoulder move toward the passenger. After the car stopped, the deputies approached it. Krean asked Jones for his identification, and a few minutes later was advised by the dispatcher that Jones recently had been paroled upon a conviction for attempted murder. At that point, Krean directed Jones to step out of the car and patsearched him. He then placed Jones in the back of the police car.
>
> Krean then asked the passenger, Christine Smith, to get out of the car. When she did, he noticed her shirt was tucked into the front of her pants, but not in the back, and that her pants were partly unzipped. She was shaking and seemed to be nervous and upset. Krean spoke with Smith for about five minutes. When he suggested she had drugs hidden in her pants, she did not initially agree, but a short time later pulled from the front of her pants a bag that was later determined to contain cocaine.
>
> Krean then placed Smith in the back of his patrol car with Jones and activated a tape recorder. While in the car, Smith said to Jones, "You bought the drugs. Listen to what I'm saying.

1
2
3
4
5
6
7
8
9
10

> You handed it to me." There was an inaudible
> response from Jones, and then Smith says again,
> "But when you handed it to me, what am I supposed
> to do with it?" Jones's response again was
> inaudible. Smith also stated, "Markie, I didn't
> have time to do it." Jones replied, "You didn't
> have time? We rolled a little distance to put it
> in your pussy." Jones also asked Smith twice "You
> going to tell on me?" He told her, "I'll be in
> San Quentin by tomorrow. You see what I'm
> saying?" He told Smith, "I already know that
> you're going to tell on me. They gonna give me
> life. Give me life. You tell them ... I look at
> life. I can give you all the money you want when
> I get out." Smith said to Jones, "You shouldn't
> have handed that shit to me. Everybody knew they
> were going to ... search me too." Based on this
> conversation, Krean arrested Jones for possession
> of a controlled substance

11
12
13

People v Jones, No A098322, 2003 WL 22162346 at *1 (Cal App Sept 19,

2003) (hereinafter Jones I).

14
15
16
17

III

18

A federal writ of habeas corpus may not be granted with

19 respect to any claim that was adjudicated on the merits in state

20 court unless the state court's adjudication of the claim: "(1)

21 resulted in a decision that was contrary to, or involved an

22 unreasonable application of, clearly established Federal law, as

23 determined by the Supreme Court of the United States; or (2)

24 resulted in a decision that was based on an unreasonable

25 determination of the facts in light of the evidence presented in the

26 State court proceeding."  28 USC § 2254(d).

27

"Under the 'contrary to' clause, a federal habeas court

28

4

may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v Taylor, 529 US 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams at 412-13.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Williams at 409.

The only definitive source of clearly established federal law under 28 USC § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams at 412; Clark v Murphy, 331 F3d 1062, 1069 (9th Cir 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Clark at 1069.

5

Petitioner seeks federal habeas relief based on ten claims: (1) petitioner's sentence of 25 years to life, pursuant to California's Three Strikes law, is cruel and unusual punishment in violation of the Eighth Amendment; (2) introduction of the tape recorded conversation between petitioner and Smith violated petitioner's Sixth Amendment right to confront the witnesses against him; (3) the trial court erred in refusing petitioner's request for jury instructions on accomplice statements; (4) hearsay evidence was erroneously admitted against petitioner; (5) petitioner's waiver of jury trial on the question of prior convictions was invalid; (6) the information charging petitioner failed to allege the quantity of cocaine possessed by petitioner; (7) evidence was erroneously introduced and petitioner was detained unlawfully in violation of the Fourth Amendment; (8) trial counsel was ineffective in failing to request a jury trial on the question of petitioner's prior convictions, and failing to advise petitioner adequately on the nature of a bifurcated proceeding; (9) petitioner should have been Mirandized before being taken into custody by officers Krean and James; and (10) use of felonies committed by petitioner prior to the enactment of California's Three Strikes law to enhance his sentence violates the Ex Post Facto Clause of the Constitution.

A

Petitioner claims that his sentence of 25 years to life, pursuant to California's Three Strikes law, is cruel and unusual

punishment in violation of the Eighth Amendment.

A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. Solem v Helm, 463 US 277, 284 (1983) ("[The Eighth Amendment] prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed.") But, the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Ewing v California, 538 US 11, 23 (2003) (adopting Justice Kennedy's concurrence in Harmelin v Michigan, 501 US 957, 1001 (1991)).

For purposes of federal habeas corpus review, the gross disproportionality principle is "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework" under 28 USC § 2254(d)(1). Lockyer v Andrade, 538 US 63, 73 (2003) (reversing 9th Circuit and holding that California Court of Appeal's decision affirming two consecutive terms of 25 years to life in prison for third "strike" conviction was not contrary to, or an unreasonable application of, the gross disproportionality principle set forth in prior Supreme Court decisions). A sentence will be found grossly disproportionate only in "exceedingly rare" and "extreme" cases. Lockyer at 73.

In determining whether a sentence is grossly disproportionate under a recidivist sentencing statute such as California's Three Strikes law, the court looks to whether such an "extreme sentence is justified by the gravity of [an individual's] most recent offense and criminal history." Ramirez v Castro, 365

F3d 755, 768 (9th Cir 2004). In <u>Ramirez</u>, the Ninth Circuit held that a sentence of 25 years to life upon conviction of petty theft with prior convictions was grossly disproportionate to the current crime where the previous two strikes did not involve violence and where both strikes were the result of one negotiated plea resulting in a one-year county jail sentence. <u>Ramirez</u> at 767-770. The court noted that this was the, "extremely rare case that gives rise to an inference of gross disproportionality." <u>Ramirez</u> at 770. By contrast, in <u>Rios v Garcia</u>, the Ninth Circuit held that a sentence of 25 years to life upon conviction of petty theft with prior convictions not grossly disproportionate. <u>Rios v Garcia</u>, 390 F3d 1082, 1086 (9th Cir 2004). The Ninth Circuit distinguished <u>Ramirez</u> because the defendant in <u>Rios</u> struggled with a guard to prevent apprehension, his prior convictions of robbery "involved the threat of violence, because his cohort used a knife" and because the defendant had a lengthy criminal history. <u>Rios</u> at 1086.

Petitioner in the instant case was sentenced pursuant to California's Three Strikes law, which is triggered when a defendant is convicted of a felony, and has suffered one or more prior "serious" or "violent" felony convictions. See Cal Penal Code § 667(e)(2)(A). Under the Three Strikes sentencing scheme, any felony conviction can constitute the third "strike" and subject a defendant to a sentence of 25 years, or three times the term otherwise permitted for the current offense, to life in prison. See Cal Penal Code § 667(e)(2)(A).

Petitioner's triggering offense was possession of cocaine,

in violation of the California Health and Safety code, properly charged as a felony under California law.  See Cal Health & Safety Code § 11350(a); see also Cal Health & Safety Code § 11055(b)(6) (listing cocaine as a Schedule II drug).  The prior convictions that were alleged as "strikes" were two robbery convictions and one conviction for attempted first-degree murder.  Petitioner's priors are all violent and serious, and his criminal history is quite lengthy.  See <u>People v Jones</u>, No A106690, 2005 WL 299825 at *2 (Cal App Feb 8, 2005) (hereinafter <u>Jones II</u>).  ("Jones has a criminal history that began at the age of ten and includes 18 juvenile offenses and 10 adult convictions.").

Based on petitioner's history of criminal recidivism, which includes crimes of violence, his sentence cannot be said to be grossly disproportionate in violation of the Eighth Amendment.  See <u>Rios</u>, 390 F3d at 1086; see also <u>Taylor v Lewis</u>, 460 F3d 1093, 1098-1100 (9th Cir 2006) (holding that sentence of 25 years to life for possessing 0.036 grams of cocaine pursuant to California's Three Strikes law was not unnecessarily severe in relation to the gravity of the offense of felony drug possession.)  The California Court of Appeal's rejection of petitioner's Eighth Amendment claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  See 28 USC § 2254(d). Petitioner is not entitled to federal habeas relief on this Eighth Amendment claim.

Petitioner claims that introduction of the tape recorded conversation between petitioner and Smith violated his Sixth Amendment right to confront the witnesses against him.

The Confrontation Clause of the Sixth Amendment provides that in criminal cases the accused has the right to "be confronted with witnesses against him." US Const Amend VI. The Confrontation Clause applies to all "testimonial" statements. <u>Crawford v Washington</u>, 541 US 36, 50-51 (2004). "Testimony . . . is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." <u>Crawford</u> at 51 (citations and quotation marks omitted). The Confrontation Clause applies to all out-of-court testimonial statements offered for the truth of the matter asserted. See <u>Crawford</u> at 51. It does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted, however. <u>Crawford</u> at 59 n9.

The tape recorded conversation between petitioner and Smith was admitted pursuant to an exception to the hearsay rule for adoptive admissions. See <u>Jones I</u>, at *3 (citing Cal Evid Code § 1221). The California Court of Appeal noted that petitioner had offered the jury an explanation why he did not deny that the drugs belonged to him in the tape recorded conversation, and that the jury apparently rejected the explanation. See <u>Jones I</u>, at *4. The court concluded that "the trial court did not err in allowing the jury to hear and evaluate the recorded conversation." <u>Jones I</u>, at *4.

The state court's rejection of petitioner's Sixth

10

Amendment Confrontation Clause claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 USC § 2254(d). Smith's recorded statements were not testimony; they merely provided context for petitioner's responses; these responses were admitted into evidence as an adoptive admission of petitioner's guilt. Because Smith's recorded statements did not constitute testimonial statements against petitioner, petitioner had no Sixth Amendment right to confront her as a witness against him. Cf Crawford, 541 US at 51. Petitioner is not entitled to federal habeas relief on this Sixth Amendment Confrontation Clause claim.

C

Petitioner claims that the trial court erred in refusing his request for jury instructions on accomplice statements with respect to the tape recorded conversation between petitioner and Smith. Petitioner's requested instructions effectively stated that a defendant cannot be found guilty based on uncorroborated testimony of an accomplice. See CALJIC Nos 3.10, 3.11, 3.12.

Respondent contends that petitioner's claim is not exhausted. Prisoners in state custody who wish to challenge their confinement collaterally in federal habeas proceedings are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. See 28 USC § 2254(b), (c). Petitioner's claim may be denied without

reaching the exhaustion issue if it is not cognizable, however.  See 28 USC § 2254(b)(2).  See also <u>Cassett v Stewart</u>, 406 F3d 614, 624 (9th Cir 2005) ("a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

A state trial court's refusal to give a requested jury instruction does not, by itself, create a cognizable claim in a federal habeas corpus proceeding.  See <u>Dunckhurst v Deeds</u>, 859 F2d 110, 114 (9th Cir 1988).  To state a federal habeas claim, the error must so infect the trial that the defendant is deprived of due process under the Fourteenth Amendment.  See <u>Dunckhurst</u> at 114.

In addition, a habeas petitioner must establish that the instructional error "'had substantial and injurious effect or influence in determining the jury's verdict.'"  <u>Brecht v Abrahamson</u>, 507 US 619, 637 (1993) (quoting <u>Kotteakos v United States</u>, 328 US 750, 776 (1946)).  The error must have resulted in "actual prejudice."  <u>Brecht</u> at 637 (citation omitted).

The California Court of Appeal affirmed the trial court's decision not to give the jury the requested instructions on accomplice liability because Smith's statements were not testimony. <u>Jones I</u>, at *4.  Smith's statements were admitted solely to give context to petitioner's adoptive admission that the cocaine belonged to him.  <u>Jones I</u>, at *4.  The court reasoned that because the truth of Smith's statements was not at issue, jury instructions on accomplice statements were inappropriate.  <u>Jones I</u>, at *4.

Petitioner's claim may be denied even if unexhausted. There is no clearly established Supreme Court decision holding that

12

a trial court has a federal constitutional obligation to give an instruction, requested or not, cautioning the jury about the veracity or reliability of accomplice statements. See Smith v Gibson, 197 F3d 454, 460 (10th Cir 2000); see also United States v Augenblick, 393 US 348, 352 (1969) ("When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions"). Petitioner is not entitled to federal habeas relief on his jury instruction claim. See 28 USC § 2254(d); Carey v Musladin, 127 S Ct 649, 653-54 (2006).

D

Petitioner claims that introducing into evidence the tape recorded conversation between petitioner and Smith erroneously admitted hearsay evidence against petitioner.

A state court's evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. See Pulley v Harris, 465 US 37, 41 (1984).

Respondent argues that petitioner's claim was presented to the California Supreme Court as a matter of state evidentiary law only, and the claim therefore is not exhausted. Whether or not petitioner fairly raised his federal claim to the state high court, the claim may be dismissed as not colorable. See Cassett, 406 F3d at 624.

13

As discussed in the context of petitioner's Confrontation Clause claim, Smith's statements on the tape recording are not hearsay because they are not testimony. Petitioner is not entitled to federal habeas relief on his admission of hearsay claim.

**E**

Petitioner claims that his waiver of jury trial on the question of prior convictions was invalid.

Petitioner waived jury trial as to his prior "strike" offenses. CT 450. In a bench trial, the trial judge found true that petitioner had suffered three prior "strike" convictions: two for robbery and one for attempted murder. CT 453. Petitioner argues that his waiver of jury trial on the question of his prior "strike" offenses was misinformed, and that he was entitled to a jury trial on those issues.

Petitioner does not have a constitutional right to have the veracity of his prior convictions found by a jury. <u>Apprendi v New Jersey</u>, 530 US 466, 488-90 (2000) (other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt). Prior convictions and recidivist behavior that increase the maximum penalty need not be presented to the jury because they are not considered an element of the offense charged. See <u>Almendarez-Torres v United States</u>, 523 US 224, 243-44 (1998), <u>United States v Pacheco-Zepeda</u>, 234 F3d 411, 414-15 (9th Cir 2001) (holding that <u>Almendarez-Torres</u> remains good law after <u>Apprendi</u> and provides that prior convictions, whether or

14

not admitted by the defendant on the record, are sentencing factors rather than elements of the crime).  Determinations about prior convictions, including whether a prior conviction operates as a "strike" offense, are sentencing factors that fall within the <u>Almendarez-Torres</u> exception to <u>Apprendi</u>'s jury requirement.  See <u>Almendarez-Torres</u> 523 US at 243-44, <u>Pacheco-Zepeda</u>, 234 F3d at 414-15.

Petitioner's claim fails even if he were entitled to a jury trial on the prior conviction determination.  The failure to submit a sentencing factor to the jury, like the failure to submit an element to the jury, is subject to harmless-error analysis. <u>Washington v Recuenco</u>, 126 S Ct 2546, 2553 (2006).  Here, there is no indication that the jury would have reached a result more favorable to petitioner had they determined the facts of the prior convictions rather than the trial judge.  Any error in having a bench trial on the issue was harmless.  <u>Washington</u> at 2553.

The state court's rejection of petitioner's jury trial claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts.  See 28 USC § 2254(d). Petitioner is not entitled to federal habeas relief on his jury trial claim.

F

Petitioner claims that the information failed to allege the quantity of cocaine possessed by petitioner.

Petitioner was convicted of possession of "any controlled

15

substance" pursuant to the California Health and Safety Code.   See Cal Health & Safety § 11350(a)(1); see also Cal Health & Safety § 11055 (b)(6) (listing cocaine as a Schedule II drug).   The statute makes possession of any quantity of a controlled substance an offense, regardless of the amount actually possessed by petitioner. See Cal Health & Safety § 11350; see also People v Palaschak, 9 Cal 4th 1236, 1242 ("The essential elements of possession of a controlled substance are dominion and control of the substance in a quantity usable for consumption or sale") (internal citations omitted).   The quantity of cocaine possessed by petitioner was not relevant to the question of guilt, and so failure to allege quantity in the charging documents has no bearing on petitioner's conviction.

The state court's denial of petitioner's claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts.   See 28 USC § 2254(d). Petitioner is not entitled to federal habeas relief on his claim that the information failed to allege the quantity of cocaine he possessed.

G

Petitioner claims erroneous introduction of evidence and unlawful detention in violation of the Fourth amendment.

Stone v Powell, 428 US 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims.   California state procedure provides an opportunity for full

United States District Court

For the Northern District of California

litigation of any Fourth Amendment claim.  See Cal Penal Code §
1538.5 (defendant may move to suppress evidence on the basis that it
was obtained in violation of the Fourth Amendment).  Even if the
state court's determination of the Fourth Amendment issues is
improper, it will not be remedied in federal habeas corpus actions
so long as the petitioner is provided a full and fair opportunity to
litigate the issue.  See <u>Locks v Sumner</u>, 703 F2d 403, 408 (9th Cir
1983).

        The California Court of Appeal upheld the trial court's
denial of petitioner's Fourth Amendment claims on the merits.  See
<u>Jones I</u>, at **2-4.  The court explained that, "the detention was
supported by specific and articulable facts supporting the deputies'
suspicion that Jones was involved in criminal activity."  <u>Jones I</u>,
at *5.  Because petitioner was given a full and fair opportunity to
litigate his Fourth Amendment claims in state court, the claims are
barred from federal habeas review under the rationale of <u>Stone v
Powell</u>.


                              H

        Petitioner claims ineffective assistance of counsel based
on trial counsel's failure to request a jury trial on the question
of petitioner's prior convictions, and to advise him adequately on
the nature of a bifurcated proceeding.

        In order to prevail on a Sixth Amendment ineffectiveness
of counsel claim, petitioner must establish two things.  First, he
must establish that counsel's performance was deficient, i e, that
it fell below an "objective standard of reasonableness" under

                              17

prevailing professional norms.  **Strickland v Washington**, 466 US 668, 687-88 (1984).  Second, he must establish that he was prejudiced by counsel's deficient performance, i e, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  **Strickland** at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  **Strickland** at 694.  Petitioner has the burden of "showing" that counsel's performance was deficient.  **Toomey v Bunnell**, 898 F2d 741, 743 (9th Cir 1990).  Similarly, he must "affirmatively prove prejudice."  **Strickland**, 466 US at 693.  Conclusory allegations that counsel was ineffective do not warrant relief.  **Jones v Gomez**, 66 F3d 199, 205 (9th Cir 1995).

Petitioner fails to allege how counsel's performance at trial was deficient.  He also fails to allege, let alone show, that there is a reasonable probability that, had the question of petitioner's prior strike convictions been found by a jury rather than a judge, within a single rather than a bifurcated proceeding, the result of the proceeding would have been different.  See **Strickland**, 466 US at 693, 694.  Moreover, in view of the evidence presented at trial, it simply cannot be said that there is a reasonable probability that, but for counsel's failure to request a jury trial on petitioner's prior strike convictions, or proceed in a single proceeding, the result of the trial would have been different.  See **Strickland** at 693, 694.

The state court's denial of petitioner's ineffective assistance of counsel claim was not contrary to, or involved an unreasonable application of, the **Strickland** standard.  See 28 USC §

18

2254(d).  Petitioner is not entitled to federal habeas relief on his claim of ineffective assistance of trial counsel.

I

Petitioner claims that he should have been Mirandized before being taken into custody by officers Krean and James.

In Miranda v Arizona, 384 US 436 (1966), the Supreme Court held that certain warnings must be given before a suspect's statement made during custodial interrogation may be admitted in evidence. Miranda protections are triggered where there is both custody and interrogation.  384 US at 467.  "In custody" means, "'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest."  California v Beheler, 463 US 1121, 1125 (1983) (quoting Oregon v Mathiason, 429 US 492, 495 (1977)).  It requires that "a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave," as judged by the totality of the circumstances.  Thompson v Keohane, 516 US 99, 112 (1995). "[I]nterrogation means questioning or 'its functional equivalent,' including 'words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'"  Pope v Zenon, 69 F3d 1018, 1023 (9th Cir 1995) (quoting Rhode Island v Innis, 446 US 291, 301 (1980)).

Respondents argue that petitioner did not exhaust his Miranda claim in the state courts.  Even if he did not, it may be dismissed because it is not colorable.  See Cassett, 406 F3d at 624. Petitioner was arguably in custody once he was placed in the back

19

United States District Court

For the Northern District of California

seat of officers James and Krean's patrol car.  A reasonable person
in those circumstances would have felt not able to leave.  See
Thompson, 516 US at 112.  But, petitioner's subsequent recorded
conversation with Smith was not interrogation, because Smith is not
a police officer.  See Pope, 69 F3d at 1023.  Because petitioner's
Miranda rights were not triggered by an interrogation, officers
James and Krean were not required to read petitioner Miranda
warnings.  Petitioner is not entitled to federal habeas relief on
his Miranda claim.

J

        Petitioner claims that the use of felonies committed by
him prior to the enactment of California's Three Strikes law to
enhance his sentence violates the Ex Post Facto Clause of the
Constitution.

        The United States Constitution prohibits the federal
government and the states from passing any "ex post facto Law."  US
Const Art I, § 9, cl 3 (federal government); Art I § 10, cl 1
(states).  A law violates the Ex Post Facto Clause only if it: (1)
punishes as criminal an act which was innocent when committed; (2)
makes a crime's punishment greater than when the crime was
committed; or (3) deprives a person of a defense available at the
time the crime was committed.  See Collins v Youngblood, 497 US 37,
42 (1990).  The application of an enhancement due to a prior
conviction is not a violation of the Ex Post Facto Clause of the
United States Constitution.  See McDonald v Mass, 180 US 311, 312-13
(1901) ("The statute, imposing a punishment on none but future

20

crimes, is not ex post facto."). The enhancement is not a penalty for the prior offense; it is the recidivist nature of the present offense that the enhancement punishes. See <u>McDonald</u> at 312-13.

California courts have consistently held that sentencing enhancement for prior serious felony convictions does not violate the prohibition against ex post facto laws. See <u>People v Williams</u>, 140 Cal App 3d 445, 448-50 (1983) (citing <u>Ex Parte Gutierrez</u>, 45 Cal 429, 432 (1873)). The enhancement is attributable to the petitioner's status as a repeat offender and arises as an incident of the present offense, rather than constituting a penalty for the prior offense. See <u>People v Jackson</u>, 37 Cal 3d 826, 833 (1985) ("No constitutional bar prevents the application of [California Penal Code] section 667 to the later offense solely because the prior conviction which serves as a basis for enhancement was committed before the initiative passed.").

To be sure, enhancement statutes may not be applied to enhance sentences for crimes which occurred prior to their enactment. See <u>People v McCary</u>, 166 Cal App 3d 1, 7 (1985). But, if the present crime occurred after the enactment of the statute, priors which occurred before the enactment of the statute may be used to enhance the sentence for the present crime. See <u>Fong v United States</u>, 287 F2d 525, 526 (9th Cir 1961) (affirming petitioner's enhanced sentence for a current conviction based on prior convictions committed before the enactment of a recidivist sentencing scheme).

Contrary to respondent's suggestion, petitioner properly raised his ex post facto claim in a supplemental petition for writ

21

of habeas corpus to the California Supreme Court. But, unfortunately for petitioner, the state high court's denial of the claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 USC § 2254(d). The use of pre-Three Strikes law prior convictions to enhance a sentence for a post-Three Strikes law current conviction does not implicate the Ex Post Facto Clause. See McDonald, 180 US at 312-13; Fong, 287 F2d at 526. Petitioner is not entitled to federal habeas relief on his ex post facto claim.

IV

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge